IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 13-00291-06-CR-W-BCW |
| HARRY NAJIM, | ) ) ) |
| Defendant. | ) ) |

ORDER

This matter is currently before the Court on defendant Harry Najim's Motion for Evidentiary Hearing to Determine Existence of ATF or Other Government Misconduct (doc #202). In support of the motion, defendant Najim directs the Court to a September 2013 Audit of the Bureau of Alcohol, Tobacco, Firearms and Explosives' Use of Income-Generating, Undercover Operations ("ATF Audit") which was conducted by the U.S. Department of Justice, Office of the Inspector General, Audit Division. Defendant Najim argues:

> "When the government's conduct during an investigation is sufficiently outrageous, the courts will not allow the government to prosecute offenses developed through that conduct." United States v. Mosley, 965 F.2d 906, 908 (10th Cir. 1992). This principle and potential defense arises from the Due Process Clause of the Fifth Amendment to the United States Constitution. Id. at 908-909.
>
> Here, the ATF initiated and pursued an extensive and lengthy contraband cigarette operation, whereby undercover ATF agents trafficked in contraband cigarettes for the purpose of investigating alleged non-governmental cigarette traffickers. Nearly one year into this investigation, the undercover ATF came into contact with Mr. Najim. The investigation eventually led to a Forty-Four count indictment, of which two counts are alleged against Mr. Najim. Should this investigation be determined to have suffered from the mismanagement, lack of oversight, or lack of authorization detailed in the OIG's report involving some ATF field office investigations, that would throw into question the entire basis for the investigation and indictment. The net result would be a profoundly unfair

prosecution that should not be allowed to proceed.

(Doc #202 at 2-3)

The Court has reviewed the ATF Audit and finds its focus to be deficiencies in the ATF's process for authorizing "churning investigations" (investigations where the proceeds of undercover investigative operations would be used to offset necessary and reasonable expenses incurred in those operations), deficiencies in oversight and management of the inventories of cigarettes and funds generated by the churning investigations, and security concerns relating to practices that might reveal the true identifies of confidential informants and agents involved in churning investigations. The ATF Audit does not suggest that the undercover tobacco diversion investigations were handled in a manner that would create due process concerns.

The Supreme Court has left open the possibility that in some situations the government's conduct might be "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." United States v. Russell, 411 U.S. 423, 431-32 (1973). However, "'[t]he level of outrageousness needed to prove a due process violation is quite high, and the government's conduct must shock the conscience of the court.'" United States v. Jensen, 69 F.3d 906, 910 (8th Cir. 1995)(quoting United States v. Pardue, 983 F.2d 843, 847 (8th Cir. 1993)). The Eighth Circuit Court of Appeals has stated the following with respect to dismissing a case for outrageous government conduct:

> ... the rule that outrageous government conduct can foreclose criminal charges has been applied by our court almost exclusively to situations involving entrapment, where law enforcement officers have sought to create crimes in order to lure a defendant into illegal activity that she was not otherwise ready and willing to commit.

United States v. Boone, 437 F.3d 829, 842 (8th Cir.), cert. denied, 549 U.S. 870 (2006)(internal

2

Case 4:13-cr-00291-BCW   Document 274   Filed 01/21/15   Page 2 of 3

quotations omitted). Case law is clear that it is not outrageous conduct for the government to infiltrate an ongoing operation for the purpose of closing it down and prosecuting the operators. See United States v. Paktipatt, 168 F.3d 503, 1999 WL 90561, at *2-3 (9th Cir. Feb. 19, 1999). See also United States v. Hasan,[1] 718 F.3d 338, 344 (4th Cir. 2013)("the mere fact that ATF sold untaxed cigarettes does not render their investigation outrageous").

The Court finds the ATF investigation and operation, as described by defendant Najim in his motion and as referenced in the ATF Audit, neither outrageous nor shocking. Defendant Najim has requested a hearing to develop the actions of the government with regard to the undercover operation. However, defendant Najim has set forth nothing to suggest any conduct on the part of the government which would trigger due process concerns.

For the foregoing reasons, it is

ORDERED that defendant Najim's Motion for Evidentiary Hearing to Determine Existence of ATF or Other Government Misconduct (doc #202) is denied.

　　　　　　　　　　　　　　　　　*/s/ Sarah W. Hays*
　　　　　　　　　　　　　　　　　SARAH W. HAYS
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

[1] The Court notes that Hasan filed a pretrial motion requesting discovery of factual information related to the undercover ATF operation to support his motion to dismiss based on outrageous government conduct and that this motion was denied. United States v. Hasan, 846 F.Supp.2d 541, 544 n.3 (E.D. Va. 2012), aff'd, 718 F.3d 338 (4th Cir. 2013).